IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WESLEY ISNER | * | |
| Plaintiff | * | |
| v | * | Civil Action No. WMN-11-2276 |
| WARDEN, | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM

After receiving state prisoner Wesley Isner's letter wherein he stated he was in danger and sought solely injunctive relief (ECF No. 1), the court directed the Maryland Attorney General file a show cause response. ECF No. 2. The Court noted counsel's response would constitute neither acceptance on behalf of any named Defendant, nor waiver of any arguable defenses. The Maryland Attorney General responded. ECF Nos. 3. Plaintiff was advised of his right to file a reply to Defendant's response. ECF No. 4. He has failed to do so. Upon review of papers filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

For the following reasons, the court finds emergency injunctive relief is unwarranted and emergency relief will be DENIED and Plaintiff's complaint dismissed.

**I.    BACKGROUND**

Isner, a self-represented inmate, then incarcerated at the Western Correctional Institution ("WCI") in Cumberland, Maryland, initiated these proceedings by claiming that he was in danger due to the prison gang Dead Man Incorporated ("DMI"). ECF No. 1. He stated that he had been placed on administrative segregation after advising correctional employees of his fear for his safety; however, no investigation of his claims occurred. He sought protective custody housing. *Id*.

Defendant indicates that Isner is now housed at the Maryland Correctional Institution ("MCI-H") in Hagerstown, Maryland, and as such his claim for injunctive relief is moot. ECF No. 3. Defendant further indicates that on June 24, 2011, while housed at WCI, Isner was placed on

administrative segregation pending investigation into his claims that DMI was attempting to harm him. ECF No. 3, Exs. 1. He was removed from administrative segregation on July 8, 2011, after an investigation provided no evidence to substantiate his claims. *Id*., Exs. 7 & 8. After his removal from administrative segregation he continued writing to staff at WCI concerning his fears for his safety; however, none of his claims were ever substantiated. *Id*. He was transferred from WCI on September 7, 2011. *Id*., Ex. 9.

## II.   STANDARD OF REVIEW

A preliminary injunction is an extraordinary and drastic remedy, s*ee Munaf v. Geren*, 553 U.S. 674, 689-90 (2008), requiring a movant to demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7, 129 S. Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

"'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *United States v. Hardy,* 545 F.3d 280, 283 (4th Cir. 2008) (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). " 'The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *Id.* (quoting *DeFunis v. Odegaard,* 416 U.S. 312, 316 (1974)). An actual controversy must exist at all times while the case is pending. *See Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). Where developments occur during the course of a case which prevent the court from being able to grant the

relief requested, the case must be dismissed. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968). Indeed, "[w]here on the face of the record it appears that the only concrete interest in the controversy has terminated, reasonable caution is needed to be sure that mooted litigation is not pressed forward, and unnecessary juridical pronouncements on even constitutional issues obtained…" *See Lewis v. Continental Bank* Corp, 494 U.S. 472, 480 (1990).

The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)*; Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987)*; see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury). As it is clear from the pleadings and records before the Court that Plaintiff is no longer housed at WCI, his request for injunctive relief has been rendered moot. Consequently, the instant complaint for injunctive relief shall be dismissed. A separate Order follows.

/s/

2/29/2012

William M. Nickerson
Senior U. S. District Judge